UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| HAROLD DAVID SCOTT,<br><br>    Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF PRISONS and<br>PRESIDENT DONALD J. TRUMP,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)    No. 1:25-cv-10580-JEK<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM AND ORDER**

**KOBICK, J.**

*Pro se* plaintiff Harold David Scott, an inmate in the custody of the Bureau of Prisons, has filed an unsigned document, captioned as an "Emergency inju[n]ction request," without an accompanying pleading (such as a complaint or a petition). ECF 1, at 1. The text of the one-paragraph motion states as follows:

> The Plaintiff is appearing before this honorable court with an emergency inj[un]ction on President Donald J. Trump and the Federal Bureau of Prisons in the matter of dwindling transgender medical care rights. Gender dysphoria is a real mental and physical condition that affects the Plaintiff. The FBOP and President Trump are on a crusade to revoke our rights given to us by case law such as *Fields v. Smith* (653 F.3d 550 7th Cir. 2011). This inju[n]ction is to freeze this crusade and allow the Plaintiff to get hormone replacement therapy and laser hair removal for the face if the Plaintiff chooses that route to ease the gender Dysphoria.

ECF 1, at 2. This motion will be DENIED without prejudice.

A civil action commences with the filing of a signed pleading, in which the litigant provides the factual basis for their claim, such as dates and descriptions of relevant events.[1] *See* Fed. Rs.

---

[1] In very limited circumstances not applicable here, the Court may provisionally construe a *pro se* motion as a pleading if it appears that some relief may be required pending receipt of a pleading.

Civ. P. 3, 8, 11. The pleading may include a request for an injunction. If a litigant seeks injunctive relief prior to the final resolution of the case, they must also file a separate motion for a preliminary injunction identifying the relief sought and an accompanying memorandum providing factual and legal support for the motion. In determining whether a preliminary injunction is warranted, courts consider four factors: (1) "the movant's likelihood of success on the merits"; (2) "whether and to what extent the movant will suffer irreparable harm in the absence of preliminary injunctive relief"; (3) "the balance of relative hardships, that is, the hardship to the nonmovant if enjoined as opposed to the hardship to the movant if no injunction issues"; and (4) "the effect, if any, that either a preliminary injunction or the absence of one will have on the public interest." *Ryan v. U.S. Immigr. & Customs Enf't*, 974 F.3d 9, 18 (1st Cir. 2020). "The movant's likelihood of success on the merits weighs most heavily in the preliminary injunction calculus." *Id.*

Accordingly, to proceed with this action, Scott must (1) file a signed petition for a writ of habeas corpus under 28 U.S.C. § 2241[2]; and (2) pay the $5.00 fee to file a petition for a writ of habeas corpus or seek a waiver of the filing fee by filing an Application to Proceed in District Court Without Prepaying Fees or Costs with a prison account statement showing the current balance of Scott's institutional account. In the petition, Scott must allege sufficient facts which, treated as true, show an entitlement to relief under the law. Scott must also identify with particularity the legal violation alleged and the relief sought. Scott may file a motion for a preliminary injunction (and an accompanying memorandum of law in support thereof) with the

---

[2] For present purposes, the Court assumes that Scott may seek relief under 28 U.S.C. § 2241. *See, e.g.*, *Moe v. Trump*, No. 25-cv-10195-GAO, 2025 WL 438730, at *2 (D. Mass. Feb. 7, 2025) (permitting 28 U.S.C. § 2241 petition where transgender female federal prisoner sought order to prevent being transferred to a men's prison); *Francis v. Maloney*, 798 F.3d 33, 36 (1st Cir. 2015) (Section 2241 "establishes a mechanism for a federal inmate who is 'in custody' to challenge the execution of (rather than the imposition of) his or her sentence." (citation omitted)).

habeas petition or thereafter. Failure to file a petition and resolve the filing fee by May 1, 2025 may result in dismissal of this action without prejudice.

    SO ORDERED.

                                          /s/ Julia E. Kobick
                                          JULIA E. KOBICK
                                          UNITED STATES DISTRICT JUDGE

Dated: April 1, 2025